**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD FINLEY, | No. 08-15888 |
| Petitioner - Appellant, | D.C. No. 3:05-CV-00152-KJD-VPC |
| v. | |
| CRAIG FARWELL; STATE OF NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted August 30, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant Edward Finley (Finley) challenges the district court's denial of his

petition for writ of habeas corpus. Because Finley's habeas petition was filed after

1996, his claim is governed by the Antiterrorism and Effective Death Penalty Act

(AEDPA). *See Howard v. Clark*, 608 F.3d 563, 567 (9th Cir. 2010).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Under the AEDPA, Finley's petition can only be granted if the State court's "adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (citations and alteration omitted).

Finley contends that the admission of the child-victim's testimony without a competency hearing violated his Sixth Amendment right to confront adverse witnesses. No clearly established federal law connects a competency hearing with an accused's confrontation rights. The absence of any clearly established federal law vitiates a habeas claim under the AEDPA. *See Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009) ("When there is no clearly established federal law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue." (citation omitted)). In addition, the Nevada Supreme Court concluded that "[n]othing in the record suggests that the child-victim . . . was not a competent witness." We give deference to this conclusion by the state court. *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989) (deferring to state court's application of state's sentencing act). Absent a showing in the record of a lack of competency on the part of the child-victim, Finley cannot show prejudice. *See Maxwell v. Roe*, 606 F.3d 561, 567–68 (9th Cir. 2010).

2

Finley also argues that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to request a competency hearing for the child-victim and/or object to the child-victim's testimony on competency grounds. In view of the lack of evidence in the record calling into question the competency of the child-victim, Finley cannot demonstrate that trial counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000) (noting that counsel's decision not to pursue a meritless claim does not constitute ineffective assistance of counsel).

Finley next asserts that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to present evidence of a *Miranda* violation and/or when his appellate counsel failed to raise the *Miranda* violation issues on direct appeal. The state court concluded that Finley's trial counsel's decision to rely on a coercion argument was a tactical decision and not ineffective assistance of counsel. The state court's decision was not an unreasonable application of *Strickland*. *See* 466 U.S. at 689 (explaining the latitude given attorneys to make strategic decisions).

The state court also concluded that Finley's challenge to his appellate counsel failure to raise the meritless *Miranda* violation lacked merit. *See Robbins*,

3

528 U.S. at 288.  The state court's denial of this claim was not contrary to Federal law.  *See id.*

Finally, Finley alleges that the prosecutor engaged in misconduct.  It is clearly established federal law that a trial is rendered fundamentally unfair where "the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation and internal quotation marks omitted).  Finley failed to make a showing that his trial was rendered fundamentally unfair by the prosecutor's remarks.  Therefore, the state court decision denying this claim was not contrary to clearly established federal law.  *See id.*

**AFFIRMED.**

FILED

SEP 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Finley v. Farwell*, No. 08-15888**
**Tallman, Circuit Judge, Concurring:**

I concur in the result.